SHERMAN M. SPITZ, Esq. (SBN 82944)
sspitz@bergerkahn.com
HEATHER C. WHITMORE, Esq. (SBN 198300)
hwhitmore@bergerkahn.com
BERGER KAHN, A Law Corporation
1 Park Plaza, Suite 340
Irvine, CA  92614
Tel:  (949) 474-1880  •  Fax:  (949) 313-5029

Attorneys for Defendant
STATE FARM BANK, F.S.B.

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMARIS A. ALCANTAR,<br><br>        Plaintiff,<br><br>vs.<br><br>AFNI, INC., and STATE FARM BANK, F.S.B.,<br><br>        Defendant. | CASE NO. 2:21-cv-01681-TLN-JDP<br><br>**STATE FARM BANK, F.S.B.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant State Farm Bank, F.S.B. ("State Farm Bank"), in answer to Amaris A. Alcantar's complaint, admits, denies and responds as follows:

**Nature of the Action**

1. This paragraph sets forth legal theories, conclusions or arguments to which no response is required.  To the extent a response is required, State Farm Bank does not have sufficient information and belief to admit or deny the allegations contained in paragraph 1, and denies such allegations on that basis.

**Jurisdiction and Venue**

2. This paragraph sets forth legal theories, conclusions or arguments to which no response is required.  To the extent a response is required, State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 2, and denies such allegations on that basis.

3. This paragraph sets forth legal theories, conclusions or arguments to which no response is required. To the extent a response is required, State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 3, and denies such allegations on that basis.

### Parties

4. This paragraph sets forth legal theories, conclusions or arguments to which no response is required. To the extent a response is required, State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 4, and denies such allegations on that basis.

5. State Farm Bank admits that at the relevant times mentioned in the complaint it was a federally chartered bank and was doing business in the State of California.

6. This paragraph sets forth legal theories, conclusions or arguments to which no response is required. To the extent a response is required, State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 6, and denies such allegations on that basis.

7. This paragraph sets forth legal theories, conclusions or arguments to which no response is required. To the extent a response is required, State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 7, and denies such allegations on that basis.

### Facts and Supporting Cause of Action

8. State Farm Bank admits that in June of 2016, it entered into a promissory note and security agreement with Amaris Alcantar, that was secured by a vehicle. State Farm Bank denies that this agreement was entered into in 2015.

9. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 9, and denies such allegations on that basis.

10. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 10, and denies such allegations on that basis.

11. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 11, and denies such allegations on that basis.

12. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 12, and denies such allegations on that basis.

13. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 13, and denies such allegations on that basis.

14. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 14, and denies such allegations on that basis.

15. State Farm Bank admits that it agreed to settle Plaintiff's account, the settlement agreement terms are referenced in a letter from State Farm Bank to Plaintiff dated May 15, 2020. One of those terms included monthly payments in the amount of $300.00 per month, for 30 months. State Farm Bank lacks sufficient information and belief to admit or deny the remaining allegations contained in paragraph 15, and denies such allegations on that basis.

16. State Farm Bank admits Plaintiffs made some payments, beginning in June of 2020, of $300 per month, to State Farm Bank. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 16, and denies such allegations on that basis.

17. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 17, and denies such allegations on that basis.

BERGER KAHN,
*A Law Corporation*
1 Park Plaza, Suite 340
Irvine, CA 92614-8516

STATE FARM BANK, F.S.B. ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

18. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 18, and denies such allegations on that basis.

19. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 19, and denies such allegations on that basis.

20. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 20, and denies such allegations on that basis.

21. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 21, and denies such allegations on that basis.

22. State Farm Bank admits that one of the terms of the settlement agreement between State Farm Bank and Plaintiff, was for Plaintiff to pay State Farm Bank a total of $9,000 -- at $300 per month, over 30 months. State Farm Bank lacks sufficient information and belief to admit or deny the remaining allegations contained in paragraph 22, and denies such allegations on that basis.

23. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 23, and denies such allegations on that basis.

24. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 24, and denies such allegations on that basis.

25. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 25, and denies such allegations on that basis.

26. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 26, and denies such allegations on that basis.

27. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 27, and denies such allegations on that basis.

28. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 28, and denies such allegations on that basis.

29. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 29, and denies such allegations on that basis.

30. State Farm Bank lacks sufficient information and belief to admit or deny the remaining allegations contained in paragraph 30, and denies such allegations on that basis.

31. State Farm Bank denies the allegations in paragraph 31 as to State Farm Bank. State Farm Bank lacks sufficient information and belief to admit or deny the remaining allegations contained in paragraph 31, and denies such allegations on that basis.

32. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 32, and denies such allegations on that basis.

**Damages**

33. State Farm Bank denies the allegations in paragraph 33 as to State Farm Bank. State Farm Bank lacks sufficient information and belief to admit or deny the remaining allegations contained in paragraph 33, and denies such allegations on that basis.

34. State Farm Bank denies the allegations in paragraph 34 as to State Farm Bank. State Farm Bank lacks sufficient information and belief to admit or deny the remaining allegations contained in paragraph 34, and denies such allegations on that basis.

35. State Farm Bank denies the allegations in paragraph 35 as to State Farm Bank. State Farm Bank lacks sufficient information and belief to admit or deny the remaining allegations contained in paragraph 35, and denies such allegations on that basis.

36. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 36, and denies such allegations on that basis.

## Count I -- Violations of the Fair Debt Collection Practices Act
### (Against AFNI, Inc.)

37. Regarding the allegations in paragraph 27, State Farm Bank incorporates its responses to the allegations of the preceding paragraphs and incorporates them here by reference.

38. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 38, and denies such allegations on that basis.

39. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 39, and denies such allegations on that basis.

40. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 40, and denies such allegations on that basis.

41. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 41, and denies such allegations on that basis.

42. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 42, and denies such allegations on that basis.

43. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 43, and denies such allegations on that basis.

    **a.**    **Violations of the FDCPA § 1692d**

44. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 44, and denies such allegations on that basis.

45. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 45, and denies such allegations on that basis.

46. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 46, and denies such allegations on that basis.

    **b.**    **Violations of FDCPA § 1692e**

47. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 47, and denies such allegations on that basis.

48. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 48, and denies such allegations on that basis.

49. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 49, and denies such allegations on that basis.

BERGER KAHN,
*A Law Corporation*
1 Park Plaza, Suite 340
Irvine, CA 92614-8516

Case 2:21-cv-01681-TLN-JDP   Document 6   Filed 10/27/21   Page 7 of 14

7
STATE FARM BANK, F.S.B. ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

  **c.**  **Violations of FDCPA § 1692f**

50. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 50, and denies such allegations on that basis.

51. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 51, and denies such allegations on that basis.

**Count II -- Violations of the Rosenthal Fair Debt Collection Practices Act**
**(Against AFNI, Inc.)**

52. Regarding the allegations in paragraph 52, State Farm Bank incorporates its responses to the allegations of the preceding paragraphs and incorporates them here by reference.

53. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 53 and denies such allegations on that basis.

54. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 54, and denies such allegations on that basis.

55. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 55, and denies such allegations on that basis.

  **a.**  **Violations of RFDCPA § 1788.17**

56. This paragraph sets forth legal theories, conclusions or arguments to which no response is required.  To the extent a response is required, State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 56, and denies such allegations on that basis.

57. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 57, and denies such allegations on that basis.

58. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 58, and denies such allegations on that basis.

**COUNT III --Violations of the Rosenthal Fair Debt Collection Practices Act**
**(Against State Farm Bank F.S.B.)**

59. Regarding the allegations in paragraph 59, State Farm Bank incorporates its responses to the allegations of the preceding paragraphs and incorporates them here by reference.

60. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 60, and denies such allegations on that basis.

61. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 61, and denies such allegations on that basis.

62. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 62, and denies such allegations on that basis.

    **a.**    **Violations of RFDCPA § 1788.17**

63. This paragraph sets forth legal theories, conclusions or arguments to which no response is required. To the extent a response is required, State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 63, and denies such allegations on that basis.

64. State Farm Bank denies the allegations in paragraph 64.

65. State Farm Bank denies the allegations in paragraph 65 against State Farm Bank. State Farm Bank lacks sufficient information and belief to admit or

deny the other allegations contained in paragraph 65, and denies such allegations on that basis.

66. State Farm Bank denies the allegations in paragraph 66.

67. State Farm Bank denies the allegations in paragraph 67.

68. State Farm Bank denies the allegations in paragraph 68.

**COUNT III --Violations of the Rosenthal Fair Debt Collection Practices Act**

**(Against State Farm Bank F.S.B.)**

69. Regarding the allegations in paragraph 60, State Farm Bank incorporates its responses to the allegations of the preceding paragraphs and incorporates them here by reference.

70. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 70, and denies such allegations on that basis.

71. State Farm Bank denies the allegations in paragraph 71.

72. State Farm Bank denies the allegations in paragraph 72.

73. State Farm Bank denies the allegations in paragraph 73.

74. State Farm Bank denies the allegations in paragraph 74.

75. State Farm Bank lacks sufficient information and belief to admit or deny the allegations contained in paragraph 75, and denies such allegations on that basis.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

**(Failure To State A Claim)**

93. The complaint and all causes of action alleged in the complaint fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

**(Statute of Limitations)**

94. Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD DEFENSE
### (Compliance With Statutory Obligations)

95. State Farm Bank was at all times in compliance with all relevant federal and state laws and statutes relating to Plaintiff's complaint, including the subject matters of Plaintiff's complaint.

### FOURTH DEFENSE
### (Reasonable Investigation, Policies And Procedures)

96. State Farm Bank implemented all reasonable policies and procedures, and performed all reasonable investigations, relating to Plaintiff's complaint, including the subject matters of Plaintiff's complaint.

### FIFTH DEFENSE
### (Plaintiff's Acts And Omissions)

97. Plaintiff's acts and/or omissions, or the acts and/or omissions of Plaintiff's agents, caused Plaintiff's alleged damages and bar Plaintiff from any recovery alleged in her complaint.

### SIXTH DEFENSE
### (Acts And Omissions Of Third Parties)

98. The acts and/or omissions of third parties caused Plaintiff's alleged damages and bar Plaintiff from any recovery against State Farm Bank.

### SEVENTH DEFENSE
### (Failure to Mitigate Damages)

99. Plaintiff failed to take reasonable actions and/or precautions to mitigate her alleged damages.

### EIGHTH DEFENSE
### (Waiver)

100. Plaintiff is barred from recovery by the defense of waiver.

## NINTH DEFENSE

### (Estoppel)

101. Plaintiff is estopped from recovering against State Farm Bank.

## TENTH DEFENSE

### (Consent)

102. Plaintiff knew and consented to the acts alleged in her complaint.

## ELEVENTH DEFENSE

### (Unclean Hands)

103. Plaintiff is barred from recovery because of unclean hands.

## TWELFTH DEFENSE

### (Privilege)

104. At all times, State Farm Bank's conduct was legally justified and privileged.

## THIRTEENTH DEFENSE

### (Offset)

105. State Farm Bank is entitled to a partial or total offset against Plaintiff's alleged damages.

## FOURTEENTH DEFENSE

### (Plaintiff's Failure To Comply With Statutory Procedures)

106. Plaintiff's failure to comply with the relevant statutory and/or legal procedures for the subject matters in her complaint bar recovery, if any.

## FIFTEENTH DEFENSE

### (Unjust Enrichment)

107. Allowing Plaintiff to recover monetary damages against State Farm Bank would constitute unjust enrichment.

### SIXTEENTH DEFENSE

### (Balance of Equities)

108. Plaintiff's causes of action are barred in whole or in part because the equities in this case weigh against the relief Plaintiff seeks.

### SEVENTEENTH DEFENSE

### (Breach of Contract)

109. Plaintiff's causes of action are barred because Plaintiff has breached the settlement agreement reached with State Farm Bank.

### EIGHTEENTH DEFENSE

### (No Punitive Damages)

110. Plaintiff fails to allege facts and causes of action which would give rise to punitive damages.

### JURY DEMAND

State Farm Bank demands a jury trial.

### PRAYER FOR RELIEF

WHEREFORE, State Farm Bank prays as follows:

1. That Plaintiff takes nothing by reason of the complaint;

2. That judgment be entered in favor of State Farm Bank and against the Plaintiff with State Farm Bank recovering the costs of suit incurred herein; and

3. For such other and further relief as this Court deems just and proper.

DATED: October 27, 2021                    BERGER KAHN, A Law Corporation

By: _____
SHERMAN M. SPITZ
HEATHER C. WHITMORE
Attorney for Defendant STATE FARM BANK, F.S.B.

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by Berger Kahn, A Law Corporation, whose business address is: 1 Park Plaza, Suite 340, Irvine, California 92614-8516 ("the firm").

On October 27, 2021, I served the within document(s) described as: **STATE FARM BANK, F.S.B. ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** on the interested parties in this action by placing true copy(ies) thereof enclosed in sealed envelope(s) addressed as follows:

**Attorneys for Plaintiff**  
**Amaris A. Alcantar**

NICHOLAS M. WAJDA  
WAJDA LAW GROUP, APC  
6167 Bristol Parkway, Suite 200  
Culver City, CA 90230

Email: nick@wadjalawgroup.com

☒ **BY MAIL** (Code Civ. Proc. §§ 1013a(3))–I deposited such envelope(s) for processing in the mail room in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 27, 2021 at Irvine, California.

*Athena Ketcher*  
ATHENA KETCHER